IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BILLY J. TOOMBS,

    Plaintiff,

vs.

WARE COUNTY, GEORGIA;
RONNIE H. McQUAIG, in his
individual and official capacity as
Sheriff for Ware County; RALPH
PITTMAN, JEFFERSON DANIELS,
and CHRISTOPHER MARTIN
in their individual and official
capacities as Jailors for Ware
County,

    Defendants.

CIVIL ACTION NO.: CV508-082

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. Defendant Jefferson Daniels filed a Motion for Summary Judgment. Plaintiff filed a Response and Defendant filed a Reply. For the following reasons, Defendant's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff was arrested on November 29, 2006, for driving under the influence. The Waycross police delivered Plaintiff to the Ware County Jail, where he was detained before being released on bond. Plaintiff asserts that, while he was at the Ware County

Jail, Defendants took him out of his cell to fingerprint him and "for no reason, decided to exert their dominance over [Plaintiff] by slamming him to the floor and pepper spraying him." (Doc. No. 32, p. 5). Plaintiff asserts that Defendants Daniels, Pittman, and Martin[1] violated his right to be free from excessive use of unreasonable force without due process of law. (Id. pp. 7-9). Plaintiff also alleges that Defendants' actions violate the Georgia Constitution and various Georgia state statutes.

Defendant Daniels asserts that Plaintiff's claims against him are barred by the statute of limitations, that Defendant did not violate Plaintiff's Fourth and Fourteenth Amendment rights, that Plaintiff's 42 U.S.C. § 1988 claim must fail, that Defendant Daniels is immune from Plaintiff's state law claims, that Georgia does not provide a remedy for state law constitutional claims, and that Plaintiff's state law claims are subject to summary judgment.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrashi Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require

---

[1] Defendants Pittman and Martin have filed a separate Motion for Summary Judgment. (Doc. No. 45).

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255 (1986). "The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." Chapman v. A1 Transport, 229 F.3d 1012, 1023 (11th Cir. 2000).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that Plaintiff's claims against him are barred by the statute of limitations and that he has not been served. Plaintiff claims that the statute of limitations should be equitably tolled.

Rule 15(c) of the Federal Rules of Civil Procedure states that an amendment to a pleading "relates back to the date of the original pleading when . . . the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c). In Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), the Eleventh Circuit considered whether Rule 15(c) of the Federal Rules of Civil Procedure applied to an amendment to correct a plaintiff's lack of knowledge of a party's name. In Wayne, the plaintiff brought a § 1983 action against a named sheriff and seven "John Doe" deputy sheriffs. During the course of the action, the plaintiff discovered the identity of the deputy sheriffs he wanted to sue, but the statute of limitations had expired. The Eleventh Circuit affirmed the district court's dismissal of the deputies on statute of limitation grounds. The Eleventh Circuit noted that, under Rule 15(c), substituting a named defendant for a "John Doe" defendant is considered a change in parties, and not a mere substitution of the parties for which the amended complaint could relate back. Id. at 1103. The Eleventh Circuit stated that Rule 15(c) is only meant to allow an amendment changing the name of a party to relate back to the original complaint if the change is the result of an error or misidentification. Id. The Court held that because the new names supplemented by the plaintiff were added to correct a lack of knowledge rather than a mistake, the requirements of Rule 15(c) were not met. Id. at 1104.

Equitable tolling "is an extraordinary remedy which should be extended only sparingly," Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation omitted); it is appropriate only when a plaintiff's untimely filing is due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir.2006) (quotation omitted). Plaintiff's original complaint was filed on November 4, 2008, describing events that allegedly occurred on November 6, 2006.[2] Plaintiff did not list Daniels as a defendant. This Court entered a Scheduling Order on February 23, 2009, setting March 6, 2009, as the deadline for filing motions to amend or add parties. (Doc. No. 9). Daniels was disclosed by Defendants as a potential witness on March 13, 2009. (Doc. No. 48). Daniels was named as a Defendant in Plaintiff's Amended Complaint for Damages filed on October 29, 2009, and to date has not been served.

Plaintiff has not properly served Defendant Daniels. Even if Plaintiff had served him, adding him as a party in the amended complaint is barred by the statute of limitations. Plaintiff has made no showing that there were extraordinary circumstances that caused him to delay naming this defendant until almost a year after the statute of limitations had expired on his claim against him. Defendant Daniels' Motion for Summary Judgment should be **GRANTED**. It is unnecessary to address Defendant Daniels' remaining contentions.

---

[2] Section 1983 claims are governed by Georgia's two year statute of limitations on personal injury claims. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants Daniels' Motion for Summary Judgment be **GRANTED** and that Defendant Daniels be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of July, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE